NUMBER
13-10-00592-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

WILLIAM MAYES,                                                                         Appellant,

 

                                                             v.

 

BORGES TEXAS
PROPERTIES, LLC,                        Appellee. 

____________________________________________________________

 

                     On
appeal from the County Court at Law No. 4

                                       of
Hidalgo County, Texas.

____________________________________________________________

 

                            MEMORANDUM OPINION

 

                      Before Justices
Garza, Benavides, and Vela

Memorandum Opinion
Per Curiam

 








            Appellant,
William Mayes, appealed a judgment entered by the County Court at Law No. 4 of
Hidalgo County, Texas.  On October 28, 2010, the Clerk of this Court notified appellant
that the notice of appeal failed to comply with Texas Rule of Appellate
Procedure 9.5 and 25.1(d).  See Tex.
R. App. P. 9.5, 25.1(d).  The Clerk directed appellant to file an
amended notice of appeal with the district clerk's office within 30 days from
the date of that notice.  The letter was sent to appellant's last known
address; however, the notice was returned as “moved, left no address,” and no
response has been filed.  The Court has attempted to contact appellant by
telephone but the number has been disconnected.   

            Texas
Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign any
document filed and "give the party's mailing address, telephone number,
and fax number, if any."  See Tex.
R. App. P. 9.1(b).  Appellant has neither provided this court with a
forwarding address or taken any other action to prosecute this appeal. 

Rule
42.3 permits an appellate court, on its own initiative after giving ten days'
notice to all parties, to dismiss the appeal for want of prosecution or for
failure to comply with a requirement of the appellate rules. See id.
42.3(b), (c).  Rule 2 authorizes an appellate court to suspend a rule's
operation in a particular case to expedite a decision. See id. 2.  Given
the length of inactivity in this appeal and this court's inability to give
effective notice to appellant during the period of inactivity, we suspend Rule
42.3's requirement of ten days' notice to all parties, and dismiss the appeal
on our own motion.  See id. 42.3(b), (c).

PER CURIAM

Delivered and filed the

31st day of March, 2011.